IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| VINCENT ANTONIO SYNDAB, | ) | C/A No.: 5:12-02315-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# ORDER

The plaintiff, Vincent Antonio Syndab ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Defendant"), denying Plaintiff's claims for disability insurance benefits. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D. West, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. In the Report, (Doc. #18), the Magistrate Judge recommends that the Commissioner's decision be reversed and remanded for further administrative action. The Defendant filed objections to the Report on October 28, 2013. (Doc. #20). Plaintiff filed a reply to the objections on November 15, 2013. (Doc. #23).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the

1

final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the objections. Based on this review, and after careful consideration of the record, the Court is unable to determine whether the decision of the Administrative Law Judge (ALJ) to deny benefits was supported by substantial evidence. Accordingly, for the reasons articulated by the Magistrate Judge, the Magistrate Judge's Report, (Doc. #18), is **ACCEPTED.** The Plaintiff's objections, (Doc. #20), are **OVERRULED**. The Commissioner's decision is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. §§ 405(g) and this case is **REMANDED** to the Commissioner for further administrative action in light of the analysis set forth above.

**IT IS SO ORDERED.**

s/Terry L. Wooten
Chief United States District Judge

March 7, 2014
Columbia, South Carolina